IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT JACKSON

| | |
|---|---|
| KENNETH NEIHOFF, | * |
| Plaintiff, | * |
| v. | * No. C-11-310 |
| | * Jury Demanded |
| THE KROGER COMPANY, | * Judge Morgan |
| | * Div. I |
| Defendant. | * |

FILED DEC 07 2011 KATTY BLOUNT, CIRCUIT COURT CLERK & DEPUTY CLERK

## COMPLAINT

## FOR

## AGE DISCRIMINATION IN EMPLOYMENT

Plaintiff Kenneth Neihoff, for his complaint against the Defendant The Kroger Company, states as follows:

**I.**

This cause of action is instituted pursuant to the provisions of the Tennessee Human Rights Act (THRA), T.C.A. §§ 4-21-101 et seq., which protect against and secure redress from age discrimination in employment.

**II.**

The Plaintiff, Kenneth Neihoff, is a resident of Madison County, Tennessee, and was age fifty-three (53) at the time of the events complained of herein.

-1-


EXHIBIT A

III.

The Defendant, The Kroger Company, is a Tennessee corporation and is doing business in the City of Jackson in Madison County, Tennessee. The Plaintiff was working as Store Manager at the Defendant's store V448 in Jackson at the time of his reassignment to another store and at store V398 in Jackson at the time of his termination. At all relevant times complained of herein the Defendant was an employer as contemplated by T.C.A. § 4-21-102(4). The wrongful acts complained of herein took place within the jurisdiction of this Court.

IV.

The Plaintiff provided loyal and diligent service to the Defendant as an employee for over thirty-seven years, starting with the company in 1974. Twenty-nine of those years he worked as a Store Manager.

V.

In December 2010 Jackson store V448, which the Plaintiff had been successfully managing for approximately three years, was inspected by upper management during a week when he was off on vacation. The vice president who made the inspection told the Plaintiff's co-manager at the beginning of the visit that he understood the Plaintiff was on vacation at the time. The Plaintiff's store had passed an inspection by the division president approximately a month earlier during a time when the Plaintiff was present and managing the store.

-2-

## VI.

Prior to taking the vacation days in December, the Plaintiff had asked his boss whether he should do so in view of the fact he had a weak co-manager who would be managing the store while he was off. Despite having knowledge of this concern, the Plaintiff's boss told him he should take the vacation.

## VII.

The Plaintiff avers his boss's motive for so advising him was to try to get a poor inspection result on his store so that he could begin to implement a plan upper management had to try to force him to retire or resign and, if he refused to do so, to reassign him to a poorer performing store in furtherance of its plan to force him to resign or retire and, if he still refused to do so, to create some "legitimate-looking", even if untrue, reason in the future for terminating him.

## VIII.

As a result of the December 2010 inspection, the Plaintiff's store did receive a poor store inspection and allegedly for this reason and despite the Plaintiff's prior excellent service as a Store Manager, on December 7, 2010, he was given the option of being demoted, reassigned from store V448, a store he had successfully managed for approximately three years, to store V398, a poorer performing store, and being put on probation, or resigning with three months of severance pay.

## IX.

Under the circumstances, the Plaintiff felt he had no choice but to accept the reassignment and hope he would not be subjected to any additional unjustified bad treatment.

## X.

Unfortunately, Plaintiff's hope was crushed when a little over six months later, on Thursday, July 14, 2011, he was called into a meeting with his district manager, the human resources manager, a human resources coordinator, a risk manager and a security manager. In that meeting he was told he was facing termination for violating a food safety code by selling a meat product which had been returned by a customer.

## XI.

The Plaintiff told those individuals in that meeting that he gave the customer being referred to a refund for product that had been paid for but never picked up. He made it clear that the product for which the refund was given never left the store freezer before it was resold. Despite this explanation, the Plaintiff was suspended allegedly while an investigation was to be conducted.

## XII.

The next morning the Plaintiff called his boss and reiterated to him the fact that the product in question never left the store and the customer would confirm it. Therefore, there could be no food safety code violation as alleged.

## XIII.

That same day the Plaintiff also called the human resources manager, Rufus Wilson, who had been in the meeting and told him the same thing. Mr. Wilson told the Plaintiff he would have to talk with the president of the division and the vice president of operations and get back with him on Monday.

## XIV.

Despite the evidence that the Plaintiff was not guilty of any food safety code violation as alleged, Mr. Wilson called the Plaintiff on Monday afternoon and told him that management was sticking with its prior decision to terminate him.

## XV.

Based upon the foregoing facts, the Plaintiff avers that the reasons given for his December 2010 reassignment, as well as his subsequent termination, are a mere pretext created to try to cover up unlawful discrimination against him because of his age.

## XVI.

Plaintiff avers that he was reassigned to a poorer performing store and then terminated because of his age in violation of the Tennessee Human Rights Act, T.C.A. 4-21-101, et seq.

## XVII.

The Plaintiff further avers that the Defendant has engaged in a pattern and

practice of forcing long-term older store managers at the company, without good cause, to either accept reassignment or demotion, resign with a severance agreement or retire, and, if they don't, firing them on false grounds, like he was, and replacing them with much younger individuals just coming out of college.

### XVIII.

As a result of this discrimination, the Plaintiff has suffered, and will continue to suffer, a major loss of pay and benefits, as well as mental distress, humiliation and embarrassment, and loss of enjoyment of life. Plaintiff avers that he is entitled to recover all lost pay and benefits, with interest, plus compensatory damages to compensate him for his injury and to make him whole for all losses suffered, as well as recover his attorney's fees and costs.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays as follows:

1. That the Court find that the Defendant discriminated against him based upon his age in violation of the Tennessee Human Rights Act, declare such practices of Defendant unlawful, and enjoin the Defendant from any further age discrimination;

2. That the Court order the Defendant to reinstate Plaintiff to his former position or a comparable position, with full seniority and benefits or, in lieu of reinstatement, order front pay and benefits until his reinstatement;

3. That this Court award the Plaintiff all of his lost pay and benefits, with

interest, plus compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) or such other amount as the jury deems reasonable to sufficiently compensate him for his injuries and to make him whole for all losses suffered;

4. That the Plaintiff be awarded reasonable attorney's fees and expenses for this action; and

5. That the plaintiff be awarded such other and further relief as may be deemed just and proper.

Plaintiff demands a jury to try this case when the issues are joined.

Respectfully submitted,

**NORWOOD & ATCHLEY**

Dan M. Norwood (#05926)
Suite 206, 266 South Front Street
Memphis, Tennessee 38103
Tel: (901) 528-8300
Fax: (901) 529-9101

Counsel for Plaintiff